IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MATTHEW BEVAN COX, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:07-CR-99-TCB-LTW |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:15-CV-4086-TCB-LTW |

**FINAL REPORT AND RECOMMENDATION**

Movant is a federal prisoner who, pro se, filed a second motion under 28 U.S.C. § 2255 to vacate his sentence imposed in this case. (Doc. 37.)[1] Respondent filed a brief opposing the motion, (doc. 43), and Movant filed a reply, (doc. 47).

**I. Background**

In 2007, Movant pled guilty via a negotiated plea agreement to various fraud, aggravated identity theft, and conspiracy charges arising from a large-scale mortgage fraud operation. (Docs. 2, 2-2.) Movant agreed as part of the plea deal to cooperate

---

[1] Three criminal actions comprised Movant's criminal case in this Court: 1:07-cr-99-TCB-LTW, 1:07-cr-100-TCB-LTW, and 1:05-cr-456-TCB-LTW. The § 2255 motion at issue was filed only in 1:07-cr-99-TCB-LTW. Although the motion implicates the entire case, all citations to the record are to 1:07-cr-99-TCB-LTW.

with Respondent in investigating and prosecuting others who participated in the fraud. (Doc. 2-2 at 11-13.) The plea agreement provided:

> If [Movant's] cooperation is completed after sentencing and the Government determines that such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, the Government will consider whether to file a motion for reduction of sentence. . . . [Movant] understands that the determination as to whether he has provided "substantial assistance" rests solely with the Government.

(*Id.* at 12-13.) In November 2007, the Court sentenced Movant to a total of 316 months' imprisonment. (Doc. 9.)

Five years later, Movant filed his first motion under 28 U.S.C. § 2255. (Doc. 13.) Movant challenged his guilty plea and sentence and claimed that Respondent breached the plea agreement by not filing a motion to reduce his sentence under Rule 35 despite his post-sentencing cooperation. (*Id.*) The Court appointed counsel to represent Movant regarding those claims. (Docs. 23, 25.)

The parties negotiated a resolution of Movant's claims. Respondent filed a motion for reduction of sentence under Rule 35(b), (doc. 28), and Movant, in exchange, dismissed his § 2255 motion "with prejudice," (doc. 29). In October 2013, the Court granted the Rule 35(b) motion and reduced Movant's sentence to 234 months' imprisonment. (Docs. 34, 36.)

2

Two years later, Movant filed a second § 2255 motion, which is the subject of this Report and Recommendation. (Doc. 37.) Movant's sole claim in that motion is that Respondent breached the plea agreement by not filing another Rule 35 motion for a further sentence reduction based on Movant's cooperation in the investigation and prosecution of individuals after the Court reduced his sentence in October 2013. (*Id.*) Movant contends that beginning in February 2014, "he provided new substantial assistance to the Government," the value of which Respondent "has expressly acknowledged," but Respondent has not filed another Rule 35 motion. (*Id.* at 17.) Movant seeks an order that his judgment and sentence be vacated and that Respondent comply with the plea agreement by seeking another sentence reduction. (*Id.* at 15.)

Respondent contends that Movant is not entitled to relief because his second § 2255 motion is impermissibly successive, untimely, and without merit. (Doc. 43.) Movant disputes all three points. (Docs. 37, 47.) Indeed, Movant anticipated Respondent's arguments that his second § 2255 motion is impermissibly successive and untimely, as he discussed those issues in the motion itself. (Doc. 37 at 17-20.)

As explained below, the undersigned finds that Movant's second § 2255 motion is impermissibly successive. Because that is a jurisdictional issue, the other arguments will not be addressed.

3

## II. Analysis

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") placed restrictions on federal prisoners' ability to file multiple § 2255 motions. "A second or successive motion must be certified as provided in [28 U.S.C.] section 2244 by a panel of the appropriate court of appeals" as containing certain qualifying claims. 28 U.S.C. § 2255(h). "Before a second or successive [motion] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the [motion]." *Id.* § 2244(b)(3)(A); *see also* Rule 9, Rules Governing § 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). Without such authorization from the court of appeals, a district court lacks jurisdiction to consider a second or successive § 2255 motion. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition . . . the District Court never had jurisdiction to consider it in the first place."); *Mackey v. Warden, FCC Coleman-Medium*, 739 F.3d 657, 660 & n.3 (11th Cir. 2014).

As an initial matter, the Court's granting of Respondent's Rule 35(b) motion in 2013 did not result in a new judgment distinct from the one Movant challenged in his

4

first § 2255 motion. *See Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010) ("[T]he phrase 'second or successive' must be interpreted with respect to the judgment challenged."). Movant's sentence was reduced; the judgment of conviction was not disturbed. And the sentence was reduced pursuant to Rule 35(b) because of Movant's substantial assistance to Respondent, not because the original sentence was invalid or because of any violation of law. In short, the sentence reduction under "Rule 35(b) is altogether different" from entry of a new judgment or correction of an invalid sentence. *See Murphy v. United States*, 634 F.3d 1303, 1313 (11th Cir. 2011) (holding that is so because a "Rule 35(b) motion is merely a plea for leniency, a matter of executive and judicial grace" (quotation marks and alteration omitted)).

Movant does not contend that he sought, much less obtained, permission from the U.S. Court of Appeals for the Eleventh Circuit to file another § 2255 motion. Instead, he contends that his second § 2255 motion is not "second or successive" under § 2255(h) because the claim in the second motion did not ripen until after the first motion was dismissed. (Doc. 37 at 18.)

The phrase "'second or successive' is not self-defining and does not refer to all [§ 2255 motions] filed second or successively in time." *Stewart v. United States*, 646

5

F.3d 856, 859 (11th Cir. 2011). In *Stewart*, the court of appeals confronted a situation somewhat analogous to the one in this case and framed the issue as follows:

> Particularly when a petitioner raises a claim that could not have been raised in a prior [§ 2255 motion], courts have forgone a literal reading of "second or successive."
>
> . . . .
>
> But adopting that approach too broadly would threaten Congress's clear intention to limit "second or successive" attempts at post-conviction relief. Therefore, we must confront the difficult task of distinguishing between those previously unavailable claims that Congress contemplated in AEDPA's gatekeeping provisions and those that cannot reasonably be deemed "successive."

*Id.* at 860.

The federal prisoner in *Stewart* filed a second § 2255 motion after state courts in Georgia vacated the convictions that were the basis for an enhancement to his federal sentence. *Id.* at 857-58. The prisoner "presented a claim, the basis for which did not exist before the vacatur of his predicate state convictions – after his first § 2255 motion had already been filed and dismissed." *Id.* at 863. The court of appeals held that the second § 2255 motion was not "second or successive" within the meaning of § 2255(h) because that "situation falls within what the Fifth Circuit recognized is a small subset of unavailable claims that must not be categorized as successive." *Id.*

6

The reference to the Fifth Circuit was to *Leal Garcia v. Quarterman*, 573 F.3d 214 (5th Cir. 2009), which *Stewart* discussed extensively. In *Leal Garcia*, after a state prisoner's federal habeas petition was denied, the following events occurred: the International Court of Justice issued a decision that the prisoner's judgment of conviction violated the Vienna Convention, President George W. Bush signed a declaration ordering states to comply with the international court's mandate, and a state appellate court denied the prisoner's efforts to obtain relief pursuant to those edicts. *Leal Garcia*, 573 F.3d at 216-18. The prisoner then filed another habeas petition in federal court. *Id.*

The state prisoner in *Leal Garcia* "assert[ed] that his [second] petition falls into the exception category – that is, it is non-successive – because it is based on a claim unavailable to him at the time of his first habeas petition." *Id.* at 220. The prisoner argued that the "sole requirement for a permissible non-successive petition is that the claim on which it was based had been unavailable at the time of a first petition." *Id.* The U.S. Court of Appeals for the Fifth Circuit held that the second petition was not a second or successive petition under AEDPA, but rejected the prisoner's broad argument: "we cannot embrace the full scope of the rule he advocates. Broadly

7

understood, such an expansive interpretation . . . would run [a]foul of the plain language of AEDPA and be incorrect." *Id.*

The court in *Leal Garcia* found that if "the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect *may* be non-successive." *Id.* at 222 (emphasis added). But the court "contrasted permissible successive petitions with those in which prisoners 'repeatedly [attack] the validity of their convictions and sentences'" and noted that "[i]t is these repeated attacks . . . that are the evil against which AEDPA is directed." *Id.* at 221-22. The unique situation presented by the international court's ruling regarding the state prisoner in *Leal Garcia* fell within "the small subset of permissible *non-*successive petitions." *Id.* at 222.

In *Stewart*, the U.S. Court of Appeals for the Eleventh Circuit agreed with *Leal Garcia*'s approach and found it "consonant with the Supreme Court's reasoning in *Panetti v. Quarterman.*" *Stewart*, 646 F.3d at 862. *Panetti* involved a death-row inmate who, when the state set a date for his execution, filed in federal court a habeas petition contending that he was mentally incompetent to be executed. *Panetti v. Quarterman*, 551 U.S. 930, 937-38. Because the inmate had previously – before the execution date was set – filed and lost a habeas petition in federal court, the issue was

8

whether the second petition was second or successive under AEDPA. *Id.* at 942. The Supreme Court held that it was not because the claim – that the inmate could not be executed because he was incompetent – did not ripen until the execution was scheduled, as it is at that time that the competency issue must be determined. *Id.* at 945. The holding was limited to the facts, however: "We conclude . . . that Congress did not intend the provisions of AEDPA addressing 'second or successive' petitions to govern a filing in the unusual posture presented here: a § 2254 application raising a *Ford*-based incompetency claim filed as soon as that claim is ripe." *Id.* "In the usual case, a petition filed second in time and not otherwise permitted by the terms of § 2244 will not survive AEDPA's 'second or successive' bar." *Id.* at 947.

The court of appeals found in *Stewart* that a claim in a second § 2255 motion that is based on a state court's vacatur of convictions that enhanced a federal sentence falls within the "small subset of unavailable claims," like the claims in *Leal Garcia* and *Panetti*, that are not "second or successive" under AEDPA. *Stewart*, 646 F.3d at 863-64. That claim did not ripen until the state court vacated the convictions. *Id.*

The claim in Movant's second § 2255 motion does not fall within that "small subset of unavailable claims" because the event that Movant says ripened the claim – his assistance to Respondent in the investigation and prosecution of other people after

9

his first § 2255 motion was dismissed – is very different from the events at issue in *Stewart*, *Leal Garcia*, and *Panetti*. In each of those cases, the event that ripened the claim in the successive habeas petition was outside the petitioner's control. In *Stewart*, the claim ripened only because a state court vacated the petitioner's state convictions used to enhance his federal sentence. *Stewart*, 646 F.3d at 863-64. In *Leal Garcia*, the claim ripened only after action by an international court, a state court, and the President of the United States. *Leal Garcia*, 573 F.3d at 216-18. In *Panetti*, the claim ripened only after the state set a date for the petitioner's execution. *Panetti*, 551 U.S. at 945.

Here, in contrast, Movant's claim allegedly ripened simply by virtue of his own action. After his first § 2255 motion was dismissed, Movant sent information to federal law enforcement agents that he believes qualifies as substantial assistance to Respondent. (Doc. 37 at 20-37.) Movant then waited for Respondent to file another Rule 35(b) motion and, when that did not happen, filed another § 2255 motion demanding that Respondent be forced to do so. Movant argues that the § 2255 motion is not second or successive under AEDPA because he did not provide the information

10

that he deems substantial assistance until after his first § 2255 motion was dismissed, i.e., the claim did not ripen until he provided the information.[2]

Thus, under Movant's position, every time he decides to provide information to Respondent he could file a § 2255 motion claiming that Respondent's failure to file another Rule 35(b) motion violates his plea agreement. Movant's position allows him to manufacture endless claims, severely undermining the finality interest that is at the core of AEDPA's bar on successive habeas petitions. Movant's position perfectly illustrates the "contrast[ between] permissible successive petitions [and] those in which prisoners 'repeatedly [attack] the validity of their convictions and sentences.'" *See Leal Garcia*, 573 F.3d at 221. "It is these repeated attacks" like Movant seeks "that are the evil against which AEDPA is directed." *See id.* at 222.

Movant relies on the same overbroad argument as the petitioner in *Leal Garcia*: that the mere unavailability of a claim until after the first § 2255 motion was

---

[2] It is not clear from Movant's filings whether the information he provided to Respondent in 2014 related to mortgage fraud or any of the other crimes to which he pled guilty in 2007. (*See* Doc. 37.) Movant provided copies of emails between him and federal agents in 2014 and 2015, at least one of which suggests that Movant provided information in 2014 regarding a fellow inmate. (*Id.* at 34.) The provision of information concerning recent, potentially criminal acts by other inmates as a basis for another § 2255 motion would further illustrate how easily AEDPA's bar on second or successive positions could be subverted under Movant's position.

11

adjudicated permits a second § 2255 motion. *Id.* at 220. The U.S. Court of Appeals for the Fifth Circuit rejected that argument because "such an expansive interpretation . . . would run [a]foul of the plain language of AEDPA and be incorrect." *Id.* The U.S. Court of Appeals for the Eleventh Circuit agreed because "adopting that approach [regarding unavailable claims] too broadly would threaten Congress's clear intention to limit 'second or successive' attempts at post-conviction relief." *Stewart*, 646 F.3d at 860.

In short, "[t]he courts in *Stewart* and *Leal Garcia*, found . . . that an exceeding[ly] narrow subset of numerically second claims fall outside the capacious scope of claims considered to be second or successive." *Arnold v. United States*, No. CR 310-012, 2015 WL 3766876, at *5 (S.D. Ga. June 15, 2015) (rejecting argument that § 2255 motion asserting claim based on change in Department of Justice policy was not second or successive under *Stewart*). Movant's second § 2255 motion, which arises solely from his decision to provide information to Respondent after he dismissed with prejudice his first § 2255 motion, does not fall within the narrow exceptions to AEDPA's bar on successive § 2255 motions. *See Martin v. United States*, No. 8:07-cr-48-T-24-TBM, 2013 WL 2477238, at *1 (M.D. Fla. June 10, 2013) (holding that federal prisoner's claims in successive § 2255 motion, including a claim that "the

12

Government failed to fulfill its promise to file a Rule 35 motion on his behalf," did "not fall within that limited category" of exceptions recognized in *Stewart*).

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's motion to vacate sentence [37] be **DISMISSED** as a successive § 2255 motion over which the Court lacks jurisdiction and that associated case number 1:15-cv-4086-TCB-LTW be **DISMISSED**. Discussion of a certificate of appealability ("COA") is unnecessary. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (holding that dismissal of habeas petition for lack of subject matter jurisdiction is not "a final order in a habeas corpus proceeding" within the meaning of the COA statute (quotation marks omitted)).

**SO RECOMMENDED** this 20 day of June, 2016.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)