IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MATTHEW BEVAN COX,<br>    Movant, | :: <br> :: <br> :: | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | :: <br> :: <br> :: | CRIMINAL ACTION NO.<br>1:07-CR-99-TCB-LTW |
| UNITED STATES OF AMERICA,<br>    Respondent. | :: <br> :: | CIVIL ACTION NO.<br>1:15-CV-4086-TCB-LTW |

**O R D E R**

In early 2007, Movant Matthew Bevan Cox pled guilty, pursuant to a negotiated agreement with the government, to several crimes related to mortgage fraud. [2-2]. Later that year, the Court sentenced Cox to 316 months' imprisonment. [9]. Cox did not file an appeal, presumably because he waived the right to directly or collaterally challenge his sentence. *See* [2-2] at 13 (limited waiver of appeal in plea agreement).

Cox's plea agreement contained a cooperation provision. *Id.* at 11-13. Cox agreed that "the Government alone will determine what forms of cooperation to request from" him and agreed to "not engage in any investigation that is not specifically authorized by the Government." *Id.* at 11. Cox further agreed that if he cooperated with the Government after sentencing, the Government, in its sole

discretion, would decide whether such cooperation qualified as substantial assistance and, if so, whether to file a motion to reduce Cox's sentence under Federal Rule of Criminal Procedure 35. *Id.* at 12-13. Rule 35 provides that a court "may reduce a sentence" if the defendant provided "substantial assistance" involving certain information and the government moves for a reduction. FED. R. CRIM. P. 35(b).

Cox provided substantial assistance to the Government after sentencing. When the Government did not file a Rule 35 motion, Cox filed a motion under 28 U.S.C. § 2255 claiming that the government's failure to do so breached the plea agreement. [13] That was December 2012. The Court appointed counsel for Cox in connection with his § 2255 motion. [23, 25].

In exchange for Cox dismissing his § 2255 motion with prejudice [29], the Government filed a motion for reduction of sentence under Rule 35(b) [28]. In October 2013, the Court granted the Government's motion and reduced Cox's prison sentence to 234 months, a reduction of almost seven years. [34, 36].

Two years later, Cox filed another § 2255 motion. [37]. In that motion, Cox alleged that he provided substantial assistance to the Government beginning in February 2014, after the dismissal of his first § 2255 motion. Cox did not identify

the alleged assistance.[1] Cox claimed that the Government breached the plea agreement again by not filing another Rule 35 motion for reduction of sentence based on the alleged new assistance. The Government opposes Cox's second § 2255 motion as impermissibly successive, untimely, and without merit. [43].

Magistrate Judge Linda T. Walker issued a Report and Recommendation that Cox's second § 2255 motion be dismissed for lack of jurisdiction because it is a second or successive motion that Cox filed without authorization from the court of appeals. [48] (the "R&R"). Cox filed objections to the R&R. [54].

A district judge must conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made," 28 U.S.C. § 636(b)(1)(C), while those

---

[1] Cox said only that "he provided new substantial assistance to the Government"; the unidentified "events occurred between mid-January, 2014, and December 22, 2014, entailing over 100 emails to and from agents"; he "sparked an investigation that contributed to the recovery of over $400,000 in assets[] and led the Secret Service to indict three individuals;" and that a "Government agent has expressly acknowledged the value of the assistance." [37] at 17, 19-21. In his objections to Judge Walker's report and recommendation recommending dismissal of this second § 2255 motion, Cox added that his "effort helped prevent a continuing fraud" that he "simply over heard." [54] at 1.

portions of the R&R for which there is no objection are reviewed only for clear error, *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") prohibits a prisoner from filing a "second or successive" § 2255 motion without first obtaining authorization from the court of appeals. 28 U.S.C. §§ 2244(b)(3), 2255(h). If a prisoner files a second or successive § 2255 motion without such authorization, the district court lacks jurisdiction to consider it. *Burton v. Stewart*, 549 U.S. 147, 152 (2007).

It is undisputed that Cox did not obtain authorization from the court of appeals to file his second § 2255 motion. The issue is whether Cox's motion is "second or successive" and, thus, requires authorization.

Judge Walker thoroughly discussed the case law defining "second or successive" and in particular *Stewart v. United States*, 646 F.3d 856, 857-59 (11th Cir. 2011), the case Cox relies on for his argument that his second § 2255 motion does not meet that definition. [48] at 5-13. The federal prisoner in *Stewart* filed a second § 2255 motion shortly after a state court vacated the convictions that enhanced his federal sentence. The prisoner "presented [in that motion] a claim, the basis for which did not exist before the vacatur of his predicate state convictions,"

4

which occurred "after his first § 2255 motion had already been filed and dismissed." *Id.* at 863. Relying largely on *Leal Garcia v. Quarterman*, 573 F.3d 214 (5th Cir. 2009), *Stewart* held that the prisoner's second § 2255 motion was not "second or successive" because the "situation falls within what the Fifth Circuit recognized is a small subset of unavailable claims that must not be categorized as successive." *Id.*

*Stewart* also discussed *Panetti v. Quarterman*, 551 U.S. 930 (2007). *Id.* at 862-65 (finding that "[t]he Fifth Circuit's approach in *Leal Garcia* is consonant with the Supreme Court's reasoning in *Panetti*"). *Panetti* held that a prisoner's claim that he was incompetent to be executed, presented in a second § 2255 motion, did not ripen until the execution was scheduled, which occurred after his first § 2255 motion was adjudicated. *Panetti*, 551 U.S. at 937-38. The Supreme Court held that the second § 2255 motion was not "second or successive," but limited its holding to the "unusual posture" of that case, noting that "[i]n the usual case, a petition filed second in time and not otherwise permitted by the terms of § 2244 will not survive AEDPA's 'second or successive' bar." *Id.* at 947.

Judge Walker analyzed *Stewart*, *Leal Garcia*, and *Panetti* in the R&R. [48] at 5-13. She correctly noted that in all those cases, the triggering event that formed

the basis for the second § 2255 motion was an event outside the prisoner's control: the state court's vacatur of convictions in *Stewart*; the Government's setting of an execution date in *Panetti*; and actions by the International Court of Justice, the President of the United States, and a state appellate court in *Leal Garcia*. *Id.* Here, conversely, Cox relies on a triggering event that was entirely within his control: his providing information to Government agents after dismissal of his first § 2255 motion, that he deems substantial assistance. Judge Walker found that Cox's claim in his second § 2255 motion that the Government breached the plea agreement by not filing another Rule 35(b) motion does not fall within what *Stewart* and *Leal Garcia* described as the "small subset of unavailable claims" that are not deemed second or successive.

  Cox contends that Judge Walker improperly inserted a "non-volitional requirement" into the law concerning second or successive § 2255 motions. [54] at 3. Cox argues that the prisoner's initial volitional act is irrelevant and that only the last act ripens a claim for a second § 2255 motion. According to Cox, it does not matter whether the operative event—e.g., the state court's vacatur of the prisoner's convictions in *Stewart*, or the setting of the execution date in *Panetti*—was outside the prisoner's control.

The Court agrees with Judge Walker's well-reasoned analysis. Cox's argument is essentially the same as the prisoner's argument in *Leal Garcia*: a second habeas petition is not second or successive so long as "the claim on which it was based had been unavailable at the time of a first petition." *Leal Garcia*, 573 F.3d at 220. But the court refused to "embrace the full scope" of such a rule because "such an expansive interpretation . . . would run [a]foul of the plain language of AEDPA and be incorrect." *Id.*

Cox's interpretation of what is "second or successive" is expansive in that it allows a prisoner seeking relief under § 2255 to control that threshold jurisdictional determination. A prisoner could simply allege, regardless of its truth, that he provided substantial assistance to the government after his first (or second or third) § 2255 motion was adjudicated and file another § 2255 motion without authorization from the court of appeals. That allegation is the operative or triggering act that ripens the claim. The Government's failure to file a Rule 35 motion is not the operative act; it is not an act at all.

Indeed, under Cox's interpretation, meritless claims alleging substantial assistance would always circumvent AEDPA's bar on second or successive § 2255 motions because the Government would never file a Rule 35 motion in such cases.

7

And it is the Government's inaction, according to Cox, that ripens the claim. It does not matter whether such claims ultimately would fail on their merits when the § 2255 motion is adjudicated because AEDPA erects a jurisdictional requirement that must be satisfied before the merits can be addressed. *See In re Bradford*, ___ F.3d ___, No. 16-14512-J, 2016 WL 4010437, at *4 (11th Cir. July 27, 2016) ("The Supreme Court and this Court have held that § 2244(b)(3)(A) is jurisdictional.").

The Eleventh Circuit has rejected an interpretation of "second or successive" that "would frustrate the purposes of AEDPA by leading movants to inundate courts with meritless . . . petitions." *Stewart*, 646 F.3d at 864. Cox's interpretation of "second or successive" would allow just that. There is "a small subset of unavailable claims that must not be categorized as successive," and the Court finds that Cox's claim, even if not available until after his first § 2255 motion was dismissed, is not within that small subset. *See id.* at 863; *see also Williams v. Connor*, 46 F. App'x 918, 919 (10th Cir. 2002) (referring to "the intent of Congress to restrict second or successive habeas corpus petitions to extremely limited situations").

8

Accordingly, the Court adopts as its Order the R&R [48] and overrules Cox's objections thereto [54]. Cox's second § 2255 motion [37] and the civil action associated with it (1:15-cv-4086-TCB-LTW) are dismissed for lack of jurisdiction. As noted in the R&R, Cox does not need a certificate of appealability to appeal this Order. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).

IT IS SO ORDERED this 31st day of August, 2016.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)